**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | : | ID No. 2008013542 |
| | : | |
| v. | : | |
| | : | |
| BRIAN L. CROSSMAN, SR., | : | |
| | : | |
| Defendant. | : | |

Submitted: April 19, 2023
Decided: May 31, 2023

## ORDER

On this 31st day of May 2023, upon consideration of Defendant Brian L. Crossman's motion for postconviction relief, the Commissioner's Report and Recommendation, and the record in this case, it appears that:

1.      Mr. Crossman pled guilty on December 22, 2021, to one count of Assault in the Third Degree, 11 *Del. C.* § 611.  In his plea agreement with the State, he accepted the recommendation that the Court impose a sentence of one-year incarceration suspended immediately for one year of level three probation.  The Court sentenced him consistent with that sentencing recommendation.

2.      Mr. Crossman then filed a *pro se* motion for postconviction relief pursuant to Superior Court Criminal Rule 61.  The Court then referred the matter to a Superior Court commissioner for findings of fact and recommendation pursuant to 10 *Del. C.* § 521(b) and Superior Court Criminal Rule 62.  The Commissioner issued her findings and recommendations in the Report attached and incorporated as Exhibit A.  In her Report, she explained (1) why Mr. Crossman failed to demonstrate that his counsel performed ineffectively before or during his guilty plea, and

sentencing, and (2) why his remaining grounds for relief were meritless. The Commissioner conducted a complete review of the record and recognized that Mr. Crossman's counsel provided reasonable services and that he entered his plea knowingly and voluntarily. The Commissioner then acknowledged that Mr. Crossman's remaining grounds for relief lacked merit because each concerned a separate case, not before her. Accordingly, she recommended that the Court deny Mr. Crossman's motion for postconviction relief.

3. Following her report, neither party filed written objections as permitted by Superior Court Criminal Rule 62(a)(5)(ii). Consequently, any objections to her final report recommendations are deemed waived and her report is accepted as final.

**NOW, THEREFORE**, after a *de novo* review of the record in this matter, and for the reasons stated in the Commissioner's Report and Recommendation dated March 29, 2023:

**IT IS HEREBY ORDERED** that the Court adopts the Commissioner's Report and Recommendation attached as Exhibit A in its entirety. Mr. Crossman's motion for postconviction relief filed pursuant to Superior Court Criminal Rule 61 is therefore **DENIED**.

/s/Jeffrey J Clark
Resident Judge

JJC/klc

oc: Prothonotary
cc: The Honorable Andrea M. Freud
 Dennis Kelleher, Jr., DAG
 Brian L. Crossman, Sr. *Pro Se*
 Trial Counsel

2

# Exhibit A

| | | |
|---|---|---|
| STATE OF DELAWARE | : | I.D. No. 2008013542 |
| | : | In and For Kent County |
| v. | : | |
| | : | |
| | : | |
| BRIAN CROSSMAN, | : | PK 20-10-0017-01 ASSAULT 3rd (M) |
| SBI # 00397494 | : | |
| | : | |
| Defendant. | | |

**COMMISSIONER'S REPORT AND RECOMMENDATION**

**Upon Defendant's Motion For Postconviction Relief
Pursuant To Superior Court Criminal Rule 61**

Dennis Kelleher, Esq., Department of Justice for *State of Delaware*

Brian Crossman*, pro se*

FREUD, Commissioner
March 29, 2023

The defendant, Brian Crossman, Sr., ("Crossman") pled guilty at his Final Case Review on December 22, 2021, to one count of Assault in the Third Degree, as a lesser included offense of Assault in the Second Degree. 11 *Del. C.* § 611. He was also charged with one count of Possession of a Deadly Weapon During the Commission of a Felony, ("PDWDCF"). As part of the plea deal, the State agreed to enter a *nolle prosequis* on the PDWDCF charge and recommended a sentence of

one year incarceration, suspended immediately for one year of probation. Had Crossman gone to trial and been found guilty as charged, he faced substantial time in jail. The Court agreed with the sentence recommendation of the parties and sentenced Crossman accordingly.

Crossman did not appeal his conviction to the State Supreme Court. Crossman filed the pending Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61, on May 13, 2022, in which he alleges, in part, ineffective assistant of Counsel.

**FACTS**

According to the Affidavit of Probable Cause, on August 25, 2020, the victim, Herman Stevens came to the Smyrna, Delaware Police Department to report an assault that occurred on August 4, 2020. According to Stevens, he had been at a gathering in Smyrna when he and Crossman had a verbal exchange. Stevens turned away and at that point Crossman hit Stevens in the head with a glass bottle and struck his right eye. Stevens further explained that after consulting with an eye care specialist, he was diagnosed with a severed cornea and had to undergo emergency surgery and as a result had limited and blurry vision.[1]

---

[1] *State v. Crossman*, ID 2008013542, Affidavit of Probable Cause [Docket entry 1, Exhibits A and B].

# CROSSMAN'S CONTENTIONS

In his Motion for Postconviction Relief Crossman raises the following grounds for relief:

Ground One:     The Plea Agreement was Unfulfilled.
I was told I was receiving a global plea on a zoom visit and would be going home.

Ground Two:     Warrantless Search and Seizure.
The residence was searched from front to back and I was seized in the process. No emergency existed and no warrants were available.

Ground Three:   Warrantless Entry
The door was kicked down and the police entered the residence where no emergency existed.

Ground Four:    My detention and the arrest is illegal due to lack of warrants. Due process was violated because no discovery was provided. Favorable witnesses weren't subpoenaed. Several grounds were surpressable but counsel was ineffective.

# DISCUSSION

Under Delaware law, the Court must first determine whether Crossman has met the procedural requirements of Superior Court Criminal Rule 61(i) before it can

6

consider the merits of the postconviction relief claim.[2] Under Rule 61, postconviction claims for relief must be brought within one year of the conviction becoming final. [3] Crossman's motion was filed in a timely fashion; thus the bar of Rule 61(i)(1) does not apply to the Motion. As this is Crossman's initial motion for postconviction relief, the bar of Rule 61(i)(2), which prevents consideration of any claim not previously asserted in a postconviction motion, does not apply either.

None of Crossman's claims were raised previously at his plea, sentencing, or on direct appeal. Consequently, they are barred under Superior Court Criminal Rule 61(i)(3) unless he demonstrates: (1) cause for relief from the procedural default; and (2) prejudice from a violation of the movant's rights. [4] The bars to relief are inapplicable to a jurisdictional challenge or "to a claim that satisfies the pleading requirements of subparagraph (2)(i) or (2)(ii) of subdivision (d) of this rule.[5] To meet the requirements of Rule 61 (d)(2) a defendant must plead with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted [6] or that he pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States or Delaware Supreme

---

[2] *Bailey v. State*, 588 A,2d 1121, 1127 (Del. 1991)
[3] Super. Ct. Crim. R. 61(i)(1).
[4] Super. Ct. Crim. R. 61(i)(3).
[5] Super. Ct. Crim R. 61(i)(5).
[6] Super. Ct. Crim. R. 61(d)(2)(i).

7

Courts, applies to the defendant's case rendering the conviction invalid.[7] Crossman's motion pleads neither requirement of Rule 61(d)(2).

Each of Crossman's grounds for relief are premised on allegations of ineffective assistance of counsel. Therefore, Crossman has alleged sufficient cause for not having asserted these grounds for relief at trial and on direct appeal. Crossman's ineffective assistance of counsel claims are not subject to the procedural default rule, in part, because the Delaware Supreme Court will not generally hear such claims for the first time on direct appeal. For this reason, many defendants, including Crossman, allege ineffective assistance of counsel in order to overcome the procedural default. "However, this path creates confusion if the defendant does not understand that the test for ineffective assistance of counsel and the test for cause and prejudice are distinct, albeit similar, standards."[8] The United States Supreme Court has held that:

> [i]f the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that the responsibility for the default be imputed to the State, which may not 'conduc[t] trials at which persons who face incarceration must defend themselves without adequate legal assistance;' [i]neffective assistance of counsel then is cause for a procedural default.[9]

---

[7] Super. Ct. Crim. R. 61(d)(2)(ii).
[8] *State v. Gattis*, 1995 WL 790961 (Del. Super.).
[9] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

A movant who interprets the final sentence of the quoted passage to mean that he can simply assert ineffectiveness and thereby meet the cause requirement will miss the mark. Rather, to succeed on a claim of ineffective assistance of counsel, a movant must engage in the two-part analysis enunciated in *Strickland v. Washington*[10] and adopted by the Delaware Supreme Court in *Albury v. State*.[11]

In the context of a guilty plea challenge, *Strickland* requires a defendant show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's actions were so prejudicial to him tin that there is a reasonable probability that, but for counsel's error, he would not have pled guilty and would have insisted on going to trial and that the result of a trial would have been his acquittal.[12] The failure to establish that a defendant would not have pled guilty and would have proceeded to trial is sufficient cause for denial of relief.[13] In addition, Delaware Courts have consistently held that in setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[14] When examining the representation of counsel pursuant to the first prong of the *Strickland* test, there is a

---

[10]  466 U.S. 668 (1984).
[11]  551 A.2d 53, 58 (Del. 1988).
[12] *Strickland*, 466 U.S. at 687.
[13] *Somerville v. Stat*e, 703 A.2d 629, 631 (Del. 1997) (Citing *Albury v. State*, 551 A.2d 53, 60(Del.1988)) (citations omitted).
[14] *See e.g., Outten v. State,* 720 A.2d 547, 557 (Del. 1998) (citing *Boughner v. State,* 1995 WL 466465 at *1 (Del. Supr.)).

strong presumption that counsel's conduct was professionally reasonable.[15] This standard is highly demanding.[16] *Strickland* mandates that, when viewing counsel's representation, this Court must endeavor to "eliminate the distorting effects of hindsight."[17]

Following a complete review of the record in this matter, it is abundantly clear that Crossman has failed to allege any facts sufficient to substantiate his claims that his attorney was ineffective. I find trial counsel's affidavit, in conjunction with the record, more credible that Crossman's self-serving claims that his counsel's representation was ineffective. Crossman's counsel clearly denied the allegations.

Crossman was facing the possibility of many years in jail, which would have had he been convicted on all counts. The sentence and plea were very reasonable under all the circumstances. Prior to the entry of the plea, Crossman and his attorney discussed the case and the plea. The plea bargain was clearly advantageous to Crossman. Counsel was successful in negotiating a beneficial plea bargain with the State. Counsel's representation was certainly well within the range required by *Strickland*. Additionally, when Crossman entered his plea, he stated he was satisfied with the defense counsel's performance. He is bound by his statement unless he

---

[15] *Albury*, 551 A.2d at 59 (citing *Strickland*, 466 U.S. at 689).
[16] *Flamer v. State*, 585 A.2d 736, 754 (Del 1990) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 383 (1986)).
[17] *Strickland*, 466 U.S. at 689.

presents clear and convincing evidence to the contrary.[18] Consequently, Crossman has failed to establish that his counsel's representation was ineffective under the *Strickland* test.

Even assuming, *arguendo,* that counsel's representation of Crossman was somehow deficient, Crossman must satisfy the second prong of the *Strickland* test, prejudice. In setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk dismissal.[19] In an attempt to show prejudice, Crossman simply asserts that his counsel was ineffective by failing to have a global plea[20] and for not raising issues concerning search and seizure. Crossman's Trial Counsel clearly denied there was ever a global plea deal. My review of the facts of the case leads me to conclude that Counsel's representation of Crossman was well within the requirements of the Sixth Amendment and no prejudice has been demonstrated. His statements are insufficient to establish prejudice, particularly in light of the evidence against him. Therefore, I find Crossman's grounds for relief meritless.

Crossman's Second, Third, and Fourth grounds for relief all revolve around allegations that there were warrantless searches and seizures, warrantless entry, and

---

[18] *Mapp v. State*, 1994 WL 91264, at *2 (Del.Supr.) (citing *Sullivan v. State*, 636 A.2d 931, 937-938 (Del. 1994)).
[19] *Larson v. State*, 1995 WL 389718, at *2(Del.Supr.) (citing *Younger v. State,* 580 A.2d 552, 556 (Del. 1990)).
[20] Crossman had a separate assault charge pending at the time of the plea in this case.

warrantless arrests. As the State correctly notes there were no seizures or warrantless arrests in this case. In a separate assault case against Crossman that was pending in the same time frame as this case, [I.D. 2109010401], but involving entirely different victims and circumstances, Crossman had requested to proceed *pro se*. Thereafter filed a Motion to Suppress. Prior to a hearing on the Motion, the State wrote to the Court stating that they had no objection to the Motion simply because they did not intend to use any of the seized evidence at trial. The State did not, however, admit to any wrongdoing concerning the search. For some reason that I am unable to ascertain from Crossman's many filings, he is conflating the separate assault case with the pending case. A further review of the other assault case shows that Crossman also pled guilty in that case on June 15, 2022, a month after filing the Motion that is currently pending in this matter. As these three grounds for relief are not germane to this particular case, they are entirely meritless.

To the extent that Crossman alleges his plea, in this case, was involuntary, the record contradicts such allegations. When addressing the question of whether a plea was constitutionally knowing and voluntary, the Court looks to a plea colloquy to determine if the waiver of constitutional rights was knowing and voluntary.[21] At the guilty-plea hearing, the Court asked Crossman whether he understood the nature of the charges, the consequences of his pleading, and whether he was voluntarily

---

[21] *Godinez v. Moran*, 509 U.S. 389, 400 (1993).

12

entering the plea. The Court asked Crossman if he was in fact guilty of Assault in the Third Degree. The Court asked Crossman if he understood he would waive his Constitutional rights if he entered the plea including the right to suppress evidence; if he understood each of the Constitutional rights listed on the Truth-in-Sentencing Guilty Plea Form ("Guilty Plea Form"); and whether he gave truthful answers to all the questions on the form. The Court asked Crossman if he had discussed his plea and its consequences fully with his attorney. The Court also asked Crossman if he was satisfied with this counsel's representation. Crossman answered each of these questions affirmatively.[22] I find counsel's representation for more credible than Crossman's self-serving, vague, and irrelevant allegations.

Furthermore, prior to entering his plea, Crossman signed a Guilty Plea Form and Plea Agreement in his own handwriting. Crossman's signature on the forms indicate that he understood the Constitutional rights he was relinquishing by pleading guilty and that he freely and voluntarily decided to plead guilty to the charges listed in the Plea Agreement. Crossman is bound by the statements he made on the signed Guilty Plea Form unless he proves otherwise by clear and convincing evidence.[23] I confidently find that Crossman entered his plea knowingly and voluntarily and that Crossman's grounds for relief are completely meritless.

---

[22] *State v Crossman*, Del. Super., I.D. No. 2008013542 (December 22, 2021) Tr. 5-9.
[23] *Somerville v. State*, 703 A.2d 629, 632 (Del.1997).

13

# CONCLUSION

I find that Crossman's counsel represented him in a competent and effective manner as required by the standards set in *Strickland* and that Crossman has failed to demonstrate any prejudice stemming from the representation. I also find that Crossman's guilty plea was entered knowingly and voluntarily. I recommend that the Court ***deny*** Crossman's Motion for Postconviction Relief as procedurally barred and meritless.

/s/ Andrea M. Freud
Commissioner

AMF/jan
oc:    Prothonotary
cc:    Resident Judge Jeffrey J Clark
       Trial Counsel
       Brian Crossman, 192 S. Main Street, Smyrna, DE 199